WO					IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Physicians Care Alliance, LLC,                )
d/b/a PCA Skin;                                )
                                               )
                               Plaintiff,      )
                                               )
     vs.                                       )
                                               )
All Day Beauty, LLC and Jaime Mesa,            )
                                               )    No. 2:18-cv-2602-HRH
                              Defendants.      )
_____)

O R D E R

Motion to Dismiss

Defendants move to dismiss plaintiff's complaint in its entirety, or in the alternative, to dismiss count five of the complaint.¹ This motion is opposed.² Oral argument was not requested and is not deemed necessary.

Background

Plaintiff is Physician Care Alliance, LLC d/b/a PCA Skin. Defendants are All Day Beauty, LLC, and Jaime Mesa.

---

¹Docket No. 30.

²Docket No. 41.

Plaintiff alleges that it "develops skincare products and professional treatments that are sold exclusively through PCA Skin's website and PCA Skin's network of authorized sellers. . . ."[3] Plaintiff alleges that "[t]o promote and protect" its brand, it "has registered numerous trademarks with the United States Patent and Trademark Office[.]"[4] Plaintiff alleges that it "maintains quality controls over its products by selling its products exclusively through its website and through Authorized Sellers."[5] Plaintiff alleges that Authorized Sellers are prohibited "from selling PCA Skin products to third parties . . . for purposes of resale."[6]

Plaintiff alleges that it "discovered that products bearing the PCA Skin Trademarks are being sold on Walmart through a storefront called 'All Day Beauty LLC.'"[7] Plaintiff further alleges that "[n]either Mesa nor All Day Beauty are or have ever been Authorized Sellers" of plaintiff's products.[8] Plaintiff alleges that "[d]efendants have purchased PCA Skin products from Authorized Sellers for purposes of reselling them on the Internet."[9] Plaintiff alleges that in September 2017 and December 2017, it demanded that defendants

---

[3]Complaint [etc.] at 3, ¶ 8, Docket No. 1.

[4]Id. at 4, ¶ 11.

[5]Id. at 5, ¶ 18.

[6]Id. at 16, ¶ 109.

[7]Id. at 6, ¶ 26.

[8]Id. at 7, ¶ 29.

[9]Id. at 9, ¶ 42.

stop selling its products on the Walmart storefront.[10] Plaintiff alleges, however, that defendants did not stop selling its products.[11]

On August 16, 2018, plaintiff commenced this action. Plaintiff asserts five claims in its complaint: 1) a trademark infringement claim, 2) a Lanham Act false advertising claim, 3) a Lanham Act unfair competition claim, 4) a common law unfair competition claim, and 5) a tortious interference with contract claim.

Defendants now move to dismiss plaintiff's complaint in its entirety. In the alternative, defendants move to dismiss plaintiff's tortious interference with contract claim for failure to state a plausible claim.

## Discussion

Defendants move to dismiss plaintiff's complaint in its entirety on the grounds that it violates Rules 8(a)(2) and 10(b), Federal Rules of Civil Procedure. Rule 8(a)(2) provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Rule 10(b) provides that

> [a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence--and each defense other than a denial--must be stated in a separate count or defense.

---

[10] Id. at 7, ¶¶ 30-31.

[11] Id. at 7, ¶ 33.

"Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'" Weiland v. Palm Beach County Sheriff's Office, 792 F.3d 1313, 1320 (11th Cir. 2015). "'Shotgun pleadings' are pleadings that incorporate all or nearly all antecedent allegation[s] by reference [to] each subsequent claim for relief or affirmative defense." S.E.C. v. Fraser, Case No. CV–09–00443–PHX–GMS, 2010 WL 5776401, at *9 (D. Ariz. Jan. 28, 2010) (citation omitted). "'Shotgun pleadings are pleadings that overwhelm defendants with an unclear mass of allegations and make it difficult or impossible for defendants to make informed responses to the plaintiff's allegations.'" S.E.C. v. Bardman, 216 F. Supp. 3d 1041, 1051 (N.D. Cal. 2016) (quoting Sollberger v. Wachovia Sec., LLC, No. SACV 09–0766 AG (Anx), 2010 WL 2674456, at *4 (C.D. Cal. June 30, 2010)).

Plaintiff's complaint fits the definition of a shotgun pleading. At the beginning of each cause of action, plaintiff "re-alleges and incorporates the allegations set forth in the foregoing paragraphs as if fully set forth herein."[12] Thus, defendants argue that it is impossible for them to respond to plaintiff's complaint and plaintiff's complaint should be dismissed in its entirety.

Plaintiff concedes that its complaint "incorporate[s] by reference in each count previous allegations,"[13] but a complaint is not a shotgun pleading "simply because it

---

[12] Id. at 10, ¶ 56; 12, ¶ 69; 13, ¶ 84; 15, ¶ 97; and 16, ¶ 108.

[13] Plaintiff's Response [etc.] at 7, Docket No. 41.

incorporates by reference previous allegations." Alliance Labs, LLC v. Stratus Pharmaceuticals, Inc., Case No. 2:12–cv–00927 JWS, 2013 WL 273404, at *2 (D. Ariz. Jan. 24, 2013); see also, Espinosa v. Bluemercury, Inc., Case No. 16-cv-07202-JST, 2017 WL 1079553, at *5 (N.D. Cal. March 22, 2017) ("a complaint does not employ impermissible shotgun pleading just because it re-alleges by reference all of the factual paragraphs preceding the claims for relief"). In order for a complaint to be considered a shotgun pleading, it must incorporate "all or nearly all" of the previous allegations and "make[] no attempt to lay out which conduct constitutes the violation alleged." Fraser, 2010 WL 5776401, at *9. Here, plaintiff has laid out in each cause of action the conduct which constitutes the violation alleged. Plaintiff's complaint adequately put defendants on notice of the allegations against them and identifies which allegations corresponded to which claim and which defendant. The fact that defendants filed their answer[14] is evidence that they were not overwhelmed by plaintiff's complaint and were able to adequately respond to plaintiff's allegations.[15] Defendants' motion to dismiss plaintiff's complaint in its entirety is denied.

In the alternative, defendants move to dismiss plaintiff's tortious interference with contract claim for failure to state a plausible claim. Because defendants have already filed their answer, their alternative motion must be treated as a Rule 12(c) motion. In deciding a

---

[14]Docket No. 29.

[15]Defendants contend that they only filed their answer because local rules required that they file their answer at the same time as they filed the instant motion. Defendants do not cite the local rule to which they are referring and the court is not aware of any such rule.

Rule 12(c) motion, "[t]he [c]ourt inquires whether the complaint at issue contains 'sufficient factual matter, accepted as true, to state a claim of relief that is plausible on its face.'" Harris v. County of Orange, 682 F.3d 1126, 1131 (9th Cir. 2012) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "The [c]ourt may find a claim plausible when a plaintiff pleads sufficient facts to allow the [c]ourt to draw a reasonable inference of misconduct, but the [c]ourt is not required 'to accept as true a legal conclusion couched as a factual allegation.'" Id. (quoting Iqbal, 556 U.S. at 678).

In Arizona,

> [a] prima facie case of intentional interference with contract requires alleging the following:
>
> (1) the existence of a valid contractual relationship;
> (2) knowledge of the relationship on the part of the interferor;
> (3) intentional interference inducing or causing a breach;
> (4) resultant damage to the party whose relationship has been disrupted; and
> (5) that the defendant acted improperly.

ABCDW LLC v. Banning, 388 P.3d 821, 831 (Ariz. Ct. App. 2016) (citation omitted).

Plaintiff alleges that it "had entered into agreements with its 'Authorized Sellers' to sell PCA Skin products[,]" that defendants knew about these agreements, that defendants interfered with these agreements by acquiring PCA Skin products from Authorized Sellers with the intent to resell the products online, that it was injured by defendants' conduct, and

that defendants had no right to sell PCA Skin products because they were not Authorized Sellers.[16]

Defendants argue that these allegations are conclusory and insufficient because plaintiff never identifies any of the "Authorized Sellers" nor which specific contracts defendants allegedly interfered with. Defendants point out that "multiple district courts have set aside tortious interference with contract claims where no specific parties to the contracts were alleged." R Power Biofuels, LLC v. Chemex LLC, Case No. 16-CV-00716-LHK, 2016 WL 6663002, at *17 (N.D. Cal. Nov. 11, 2016).

Plaintiff, however, argues that its allegations are sufficient. Plaintiff cites to Pacific Scientific Energetic Materials Co. (Ariz.) LLC v. Ensign-Bickford Aerospace & Defense Co., Case No. CV–10–02252–PHX–JRG, 2011 WL 4434039 (D. Ariz. Sept. 23, 2011), in support. There, the court found that "[a]lthough the Complaint does not point to individual contracts, its allegation that the defendant induced the plaintiffs' customers to violate a specific class of contracts, namely, their confidentiality agreements with PSEMC" was adequate to survive a motion to dismiss. Id. at *12; see also, Swingless Golf Club Corp. v. Taylor, Case No. C 08–05574 WHA, 2009 WL 2031768, at *4 (N.D. Cal. July 7, 2009) ("[a]lthough the complaint does not point to any single contract, it does allege a specific class of existing contracts that defendants purportedly induced the breach thereof—those existing between plaintiff and its customers for the swingless golf club"). Similarly here, plaintiff

---

[16]Complaint [etc.] at 16-17, ¶¶109-116, Docket No. 1.

argues that it is sufficient that it has alleged that defendants interfered with a specific class of contracts, namely its contracts with its Authorized Sellers.

Plaintiff's allegations suggest that defendants interfered with every Authorized Seller contract, which seems implausible, particularly since plaintiff does not allege how many Authorized Sellers there are. Plaintiff has failed to plead sufficient factual support for its tortious interference with contract claim. Plaintiff's tortious interference with contract claim is dismissed, but plaintiff is given leave to amend as to this claim as it is possible that plaintiff could allege sufficient factual support for this claim.

## Conclusion

Defendants' motion to dismiss[17] plaintiff's complaint in its entirety is denied, but defendants' alternative motion to dismiss[18] plaintiff's tortious interference with contract claim is granted. Plaintiff's tortious interference with contract claim in its fifth cause of action is dismissed. Plaintiff is given leave to amend this claim. Should plaintiff elect to file an amended complaint, the amended complaint shall be filed on or before January 22, 2019.

DATED at Anchorage, Alaska, this 10th day of January, 2019.

/s/ H. Russel Holland
United States District Judge

---

[17]Docket No. 30.

[18]Docket No. 30.